IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LEE HENSLEY, et al.,

        Plaintiffs,                No. CIV S-07-1546 FCD DAD PS

    v.

UNITED STATES DISTRICT         <u>ORDER AND</u>
COURT EASTERN DISTRICT
OF CALIFORNIA (KIMBERLY J.     <u>FINDINGS AND RECOMMENDATIONS</u>
MUELLER AS A U.S. DISTRICT
JUDGE), et al.,

        Defendants.

_____/

       This case came before the court on September 28, 2007, for hearing of the properly noticed motion to dismiss filed by defendants Ventura County Superior Court, Michael D. Planet, Los Angeles County Superior Court, and John Clarke.  Sarah L. Overton, Esq. appeared telephonically for the moving parties.  Plaintiffs filed timely opposition to the motion but failed to appear at the hearing.  The case came before the court again on November 2, 2007, for hearing of properly noticed motions to dismiss filed by defendants William Boyd Ritner and Randolph Winston Coleman.  James T. Latting, Esq. appeared telephonically for defendant Ritner, and William D. Pangburn, Esq. appeared telephonically for defendant Coleman. Plaintiffs filed untimely opposition to the motions and again failed to appear at the hearing.

1

1    With leave of court granted by order filed November 2, 2007, the United States of

2   America, through Assistant United States Attorney Bobbie J. Montoya, filed an amicus curiae

3   brief in support of the judicial immunity of United States Magistrate Judge Kimberly J. Mueller.

4   Plaintiffs did not file a brief in response to the amicus memorandum.

5    Upon consideration of all written materials filed in connection with defendants'

6   motions, defendants' arguments in open court, the briefing submitted by amicus curiae, and the

7   entire file, the undersigned will recommend that all defendants' motions to dismiss be granted,

8   that the claims against defendant "United States District Court Eastern District of California

9   (Kimberly J. Mueller as a U.S. District Judge) be dismissed, and that the entire action be

10  dismissed with prejudice as to all claims.

11                    PROCEDURAL HISTORY OF THE CASE

12    Plaintiffs Gary Lee Hensley, Wanda Renault Hensley, Terry Lou Hensley, and

13  Barry Lyn Hensley commenced this action on July 30, 2007, by filing a 93-page pro se complaint

14  asserting claims under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments as well as

15  state law claims.   The case was randomly assigned to United States District Judge Frank C.

16  Damrell, Jr. and United States Magistrate Judge Dale A. Drozd.[1]

17    Plaintiffs' complaint was accompanied by the required filing fee.   Accordingly,

18  the Clerk of the Court issued a summons for the eight named defendants.   Plaintiffs have filed a

19

20    [1] A district judge may designate a magistrate judge to hear and decide any pretrial matter
pending before the district judge except for the matters listed in 28 U.S.C. § 636(b)(1)(A).   With
21  respect to the excepted matters, a district judge may designate a magistrate judge to conduct
hearings and submit findings and recommendations for the district judge's consideration.   28
22  U.S.C. § 636(b)(1)(B).   In the Sacramento Division of the United States District Court for the
Eastern District of California, the assigned magistrate judge is designated by rule to perform all
23  duties permitted by 28 U.S.C. § 636(b)(1)(A) and (B) in a case in which all plaintiffs or all
defendants are proceeding in propria persona.   Local Rule 72-302(c)(21).   The parties' consent is
24  not required for such designation, but the parties are provided with an opportunity to consent to
proceed before a magistrate judge for all purposes, including trial.   The fact that a party declines
25  to consent to proceed before a magistrate judge for all purposes is irrelevant to the magistrate
judge's authority to act pursuant to statute and local rule.   Local Rule 72-302(c)(21) applies to
26  the present case because all plaintiffs are proceeding in propria persona.

1  return of service executed for each defendant.  Defendant Ritner was granted an extension of

2  time to respond to plaintiffs' complaint and subsequently filed his motion to dismiss.  The four

3  state court defendants and defendant Coleman responded to the complaint by filing motions to

4  dismiss.  Defendant "United States District Court Eastern District of California (Kimberly J.

5  Mueller as a U.S. District Judge)" has been granted an extension of time to respond to the

6  complaint, pending consideration of the <u>amicus</u> brief on judicial immunity and further order of

7  the court.  Defendant Davis has not appeared in the action.

8  JUDICIAL NOTICE OF COURT RECORDS

9          In support of the pending motions to dismiss, moving defendants have requested

10  that this court take judicial notice of court records, including dockets, pleadings, and orders.  The

11  United States has also requested judicial notice of court records in support of its brief.

12          On a motion to dismiss, the court may take judicial notice of matters of public

13  record outside the pleadings.  <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir.

14  1986).  A court may take judicial notice of its own files and of documents filed in other courts.

15  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>,442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial

16  notice of documents related to a settlement in another case that bore on whether the plaintiff was

17  still able to assert its claims in the pending case); <u>Burbank-Glendale-Pasadena Airport Auth. v.

18  City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a

19  state court case where the same plaintiff asserted similar and related claims); <u>Hott v. City of San

20  Jose</u>, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda

21  and orders filed in state court cases).  <u>Cf.</u> <u>In re Zoran Corp. Derivative Litigation</u>, 511 F. Supp.

22  2d 986, 1001 (N.D. Cal. 2007) (declining to take judicial notice of a fact document filed in a

23  wholly unrelated action that involved the same legal principles but involved different parties

24  making different allegations and asserting different claims, theories, and arguments).  "[C]ourts

25  routinely take judicial notice of documents filed in other courts . . . to establish the fact of such

26  litigation and related filings."  <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 774 (2d Cir. 1991)

3

(citations omitted).  "The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned."  Bogart v. Daley, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (citing Fed. R. Evid. 201(b)(2)).

        In light of the arguments made by defendants in their motions and by the United States in its brief, and in light of the allegations of plaintiffs' complaint, the undersigned finds it appropriate to take judicial notice of the court records submitted by the parties.  The records reveal that plaintiffs have engaged in extensive litigation in multiple state courts and that the present action is plaintiffs' fifth federal lawsuit arising from the state court proceedings.  (See Exs. 1-8 to Req. for Judicial Notice filed by Defs. Ventura County Superior Ct., Michael D. Planet, Los Angeles County Superior Ct., and John Clarke on Aug. 28, 2007, Doc. # 18; Exs. 1-19 to Def. Ritner's Mot. to Dismiss filed Sept. 26, 2007, Doc. # 37; Exs. D-H,[2] J-O, V-X, Z & AA-HH to Def. Coleman's Req. for Judicial Notice filed Sept. 28, 2007, Doc. # 39, & Def. Coleman's Am. Req. for Judicial Notice filed Oct. 2, 2007, Doc. # 46; Exs. P-U to Pangburn Decl. in Supp. of Def. Coleman's Mot. to Dismiss filed Sept. 28, 2007, Doc. #41; Exs. 1-5 to Memorandum of Law of Amicus Curiae filed Nov. 5, 2007, Doc. # 57.)

        The court records submitted by defendants and the United States show that proceedings in the Ventura County Superior Court and the Los Angeles County Superior Court gave rise to the claims plaintiffs have brought in this court against the two state courts and their Clerks.  Defendant Ritner served as administrator of an estate being probated in the Ventura County Superior Court, and defendants Coleman and Davis appear to have acquired properties at issue in the probate proceedings.  Plaintiffs were parties to the probate proceedings and

---

        [2]  Defendant Coleman's amended request for judicial notice, Document # 46, identifies Exhibit I as "Minute Order re Prohibiting Vexatious Litigants entered December 1, 1994." However, the attachment to Document # 39 entered as Exhibit I consists of two blank pages. Defendant Ritner's motion to dismiss, Document #37, includes as Exhibit 8 a copy of such an order.

1    participated fully therein.  In 1994 the Ventura County Superior Court declared two of the

2    plaintiffs vexatious and ruled that both are required to obtain leave of court prior to filing any

3    document.  Defendants assert that the probate case regarding the Estate of Cary Lewis Hensley

4    was open for almost 12 years due to the actions of plaintiffs Gary Hensley and Wanda Hensley.

5           All of plaintiffs' federal cases are related to the state court proceedings.  The

6    parties' exhibits show that in 2003 plaintiffs filed a case in the United States District Court for

7    the Central District of California, Hensley, et al. v. Ritner, case No. CV 03-1302-VAP (SGLx)

8    (C.D. Cal.).  On January 20, 2004, in the absence of any claims arising under federal law, the

9    case was dismissed with prejudice for lack of subject matter jurisdiction.  In 2005, plaintiffs filed

10   a second action in the United States District Court for the Central District of California, Hensley,

11   et al. v. Ventura County Superior Court, et al., case No. CV 05-2698-VAP (PJW) (C.D. Cal.).

12   The magistrate judge found that plaintiffs were "seeking to accomplish here what they have

13   failed to accomplish in their 13 years of litigation in the state courts" and recommended that the

14   defendants' motions to dismiss be granted and the action be dismissed with prejudice.  By order

15   filed February 21, 2006, the assigned district judge adopted the findings and recommendations in

16   full.  Within three months after the court's dismissal of case No. CV 05-2698-VAP (PJW),

17   plaintiffs filed a third lawsuit in the United States District Court for the Central District of

18   California, Hensley, et al. v. United States, et al., case No. CV 06-3144-R (C.D. Cal.), naming as

19   defendants the two state courts and the two clerks who are defendants in the present case, along

20   with William Boyd Ritner, Randolph Winston Coleman, the United States, the United States

21   District Court for the Central District of California, and the district judge who dismissed

22   plaintiffs' first two federal lawsuits.  On October 16, 2007, defendants' motions to dismiss and

23   for sanctions were granted, and the plaintiffs were declared vexatious litigants.  A pre-filing order

24   now applies to all documents submitted by plaintiffs to the United States District Court for the

25   Central District of California.  Plaintiffs' appeal from the third suit in the Central District of

26   California was dismissed on May 1, 2007.

1    On January 16, 2007, plaintiffs filed their fourth federal case and their first in the

2   United States District Court for the Eastern District of California, <u>Hensley, et al. v. Ventura</u>

3   <u>County Superior Court, et al.</u>, case No. CIV S-07-0097 LKK KJM PS (E.D. Cal.).  United States

4   Magistrate Judge Kimberly J. Mueller determined that the action should have been filed in the

5   United States District Court for the Central District of California.  Magistrate Judge Mueller's

6   transfer order was filed on February 26, 2007, and the case was transferred to the United States

7   District Court for the Central District of California on that date.  In accordance with the pre-filing

8   order in effect in the Central District of California, the transferred complaint was subjected to

9   pre-filing review and was ordered not to be filed.

10    PLAINTIFFS' FAILURE TO COMPLY WITH APPLICABLE RULES

11    The following rule governs the appearance of parties who are proceeding <u>in</u>

12   <u>propria persona</u> in the United States District Court for the Eastern District of California:

13    Any individual who is representing himself or herself
    without an attorney must appear personally or by courtesy

14    appearance by an attorney admitted to the Bar of this Court and
    may not delegate that duty to any other individual, including

15    husband or wife, or any other party on the same side appearing
    without an attorney.  Any individual representing himself or herself

16    without an attorney is bound by the Federal Rules of Civil or
    Criminal Procedure and by these Local Rules.[3]  All obligations

17    placed on "counsel" by these Local Rules apply to individuals
    appearing <u>in propria persona</u>.  Failure to comply therewith may be

18    ground for dismissal, judgment by default, or any other sanction
    appropriate under these Rules.

19

20   Local Rule 83-183(a).  "Failure of counsel or of a party to comply with these Rules or with any

21   order of the Court may be grounds for imposition by the Court of any and all sanctions

22   authorized by statute or Rule or within the inherent power of the Court."  Local Rule 11-110.

23   /////

24

---

25    [3]  The Local Rules are available on the court's web site at <u>www.caed.uscourts.gov/caed</u>
    and may also be obtained from the Clerk of the Court in Sacramento.  The telephone number for

26   the Clerk's Office is (916) 930-4000.

On November 8, 2007, plaintiffs Gary Hensley and Wanda Hensley violated Local Rule 83-183(a) by filing a document bearing only their signatures but bearing the names of all four plaintiffs and a title identifying the document as "Plaintiffs Opposition."  Because pro se parties cannot represent other pro se parties, Document # 58 is deemed to have been filed solely by the two plaintiffs who signed it.

Local Rule 78-230 governs civil motion calendars and procedure.  A party filing a motion is required to notice the motion for hearing on an available date on the motion calendar of the assigned District Judge or designated Magistrate Judge.  Local Rule 78-230(a) and (b).  If a case has been referred to the Magistrate Judge pursuant to Local Rule 72-302(c)(21), all motions must be noticed, briefed, and argued before the Magistrate Judge.  Local Rule 78-230(l).  Opposition to the granting of a properly noticed motion must be filed not less than fourteen days preceding the noticed hearing date.  Local Rule 78-230(c).  "Filed" means "delivered into the custody of the Clerk and accepted by the Clerk for inclusion in the official records of the action."  Local Rule 1-101.  A party who fails to file timely opposition to a motion is not entitled to be heard in opposition to the motion at oral argument.  Local Rule 78-230(c).  Failure to appear at the hearing of a properly noticed motion may be deemed a withdrawal of opposition to the motion or may result in the imposition of sanctions.  Local Rule 78-230(j).

Plaintiffs have violated Local Rule 78-230 multiple times.  Despite the fact that defendants' motions were properly served and properly noticed for hearing, plaintiffs failed to appear for oral argument on September 28, 2007, filed untimely opposition to both of the motions noticed for hearing on November 2, 2007, and failed to appear for oral argument on November 2, 2007.  Plaintiffs' failure to appear for the hearings of defendants' motions to dismiss could be deemed a withdrawal of opposition to all three motions.

VENUE

In the present case--plaintiffs' fifth federal action and their second in this district-- plaintiffs re-allege previously litigated claims together with new claims against "United States

1   District Court Eastern District of California (Kimberly J. Mueller as a U.S. District Judge)."  In

2   light of the fact that the previously litigated claims were raised in Hensley, et al. v. Ventura

3   County Superior Court, et al., case No. CIV S-07-0097 LKK KJM PS (E.D. Cal.), and were

4   transferred from this court to the Central District of California, this court's first inquiry concerns

5   venue.

6          Plaintiffs allege that venue lies in this court under 28 U.S.C. § 1391(e) and "under

7   28 USCA § 1391(b), because a substantial part of the events gave rise to plaintiffs' claims took

8   place within the Eastern Division [sic] of the District of Ca."  (Compl. ¶¶ 7 & 20.)

9          Venue for a civil action against the United States or one of its agencies or

10  employees is governed by 28 U.S.C. § 1391(e).  To the extent that plaintiffs' claims against

11  defendant "United States District Court Eastern District of California (Kimberly J. Mueller as a

12  U.S. District Judge)" are claims against this court or against United States Magistrate Judge

13  Mueller, venue lies in this district for those claims.  However, additional defendants may be

14  joined with the federal defendant only in accordance with "such other venue requirements as

15  would be applicable if the United States or one of its officers, employees, or agencies were not a

16  party."  28 U.S.C. § 1391(e).  Accordingly, the court must determine proper venue for the

17  remaining defendants as if this court and/or Magistrate Judge Mueller were not a party.

18         Section 1391(b) provides as follows:

19             A civil action wherein jurisdiction is not founded solely on
            diversity of citizenship may, except as otherwise provided by law,
20          be brought only in (1) a judicial district where any defendant
            resides, if all defendants reside in the same State, (2) a judicial
21          district in which a substantial part of the events or omissions giving
            rise to the claim occurred, or a substantial part of property that is
22          the subject of the action is situated, or (3) a judicial district in
            which any defendant may be found, if there is no district in which
23          the action may otherwise be brought.

24  28 U.S.C. § 1391(b).

25         The allegations of plaintiffs' complaint contradict their assertion that a substantial

26  part of the events giving rise to plaintiffs' claims took place within the Eastern District of

1   California.  It does not appear that any significant event occurred within the Eastern District of

2   California except with regard to plaintiffs' claims against defendant "United States District Court

3   Eastern District of California (Kimberly J. Mueller as a U.S. District Judge)."  Excluding events

4   pertaining to the federal defendant, virtually every event and omission alleged by plaintiffs

5   occurred within the Central District of California.  Ten of the twelve properties itemized in the

6   complaint are located within the Central District of California, and another property is located in

7   the State of Colorado.  (Compl. ¶¶ 62 & 76-87.)  The existence of one property in Tehama

8   County does not establish that "a substantial part of property that is the subject of the action" is

9   situated within the Eastern District of California, and vague references to inconsequential events

10  that occurred in the Eastern District are insufficient to show that a substantial part of the events

11  giving rise to plaintiffs' claims took place in this district.  Venue is not proper in this court under

12  28 U.S.C. § 1391(b)(2).

13              Plaintiffs' allegations concerning the two state courts and their clerks establish

14  that those four defendants reside or are located in the Central District of California.  The pro se

15  complaint is vague regarding the residence of individual defendants Ritner, Coleman, and Davis.

16  (See Compl. ¶¶ 2 & 3.)  Plaintiffs allege that defendant Coleman instructed children to throw

17  rocks "from his hillside lot" onto plaintiffs' property in Ventura County.  (Compl. ¶ 72.)

18  Consistent with that allegation, a proof of service shows that defendant Coleman was served with

19  process at an address in Ventura, California.  (Proof of Service filed Sept. 4, 2007, Doc. # 24.)

20  Allegations concerning defendant Ritner's actions indicate that he resided within the Central

21  District of California at the time of the probate proceedings.  (Compl. ¶¶ 3, 18, 24-27 & 52.)  A

22  proof of service shows that process was served on defendant Ritner by leaving copies of the

23  summons and complaint with an adult female at a residence in Palm Desert, California.  (Proof of

24  Service filed Sept. 4, 2007, Doc. #19.)  Thus, six of the seven named defendants, excluding the

25  federal defendant, appear to reside within the Central District of California.

26  /////

1    Plaintiffs' sole specific allegation against defendant Davis is that he claims an

2 interest in a Tehama County property.  (See Compl. ¶¶ 62 & 115.)  A proof of service reflects

3 that a Tehama County Sheriff's Deputy effected service on defendant Davis in Red Bluff,

4 California.  (Doc. # 23 filed Sept. 4, 2007.)  Red Bluff is located in Tehama County, which lies

5 within the Eastern District of California.[4]  (See http://www.tehamacounty.com/.; Local Rule 3-

6 120(d).)  On the basis of defendant Davis' apparent residence within the Eastern District of

7 California, venue is technically proper in this district pursuant to § 1391(b)(1).

8                                          STATE DEFENDANTS

9    Defendants Ventura County Superior Court, Los Angeles County Superior Court,

10 and their Clerks of Court have moved to dismiss plaintiffs' claims pursuant to Rules 12(b)(1) and

11 12(b)(6) of the Federal Rules of Civil Procedure.  Under Rule 12(b)(1), defendants contend that

12 the court lacks subject matter jurisdiction because plaintiffs' claims are barred by res judicata, the

13 Rooker-Feldman doctrine, the 11th Amendment, and the probate exception to federal

14 jurisdiction.  Under Rule 12(b)(6), defendants argue that the complaint fails to state any claim

15 upon which relief may be granted and is barred by judicial immunity.

16    Defendant Ritner, former administrator of the Estate of Cary Lewis Hensley, has

17 also moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1), defendant

18 Ritner argues that the court lacks jurisdiction over the subject matter of the complaint, no federal

19 question is raised, and the claims for relief are barred by the Rooker-Feldman doctrine and the

20 probate exception to federal jurisdiction.  Under Rule 12(b)(6), defendant Ritner contends that

21 the complaint fails to state a claim upon which relief may be granted because (1) he is no longer

22 administrator of the estate and may not be sued in that capacity and (2) the claims are barred by

23 applicable statutes of limitation and/or the doctrine of res judicata.

24 _____

25        [4]  In case No. CIV S-07-0097 LKK KJM PS, plaintiffs filed a proof of service showing
that a Tehama County Sheriff's Deputy served defendant Davis in Corning, California.  (Pls.'
Proof of Service filed Feb. 26, 2007 in case No. CIV S-07-0097 LKK KJM PS.)  Corning is also
26 located in Tehama County.

1      Defendant Coleman seeks dismissal on similar grounds.  Under Rule12(b)(1),

2  defendant Coleman contends that the court lacks jurisdiction over the subject matter because no

3  federal question is raised in the complaint, the claims are barred by res judicata, and the claims

4  are barred by both the <u>Rooker</u>-<u>Feldman</u> doctrine and the probate exception to federal jurisdiction.

5  Under Rule 12(b)(6), defendant Coleman contends that the complaint fails to state a claim upon

6  which relief may be granted because all claims are barred by applicable statutes of limitations

7  and the doctrine of res judicata.

8  I.  <u>Standards Applicable to Motions to Dismiss</u>

9      A.  <u>Rule 12(b)(1)</u>

10      Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by

11  motion, that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss

12  for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be

13  made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."

14  <u>Thornhill Publ'g Co. v. General Tel. & Elecs.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

15      When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction

16  in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  <u>Id</u>.  "[T]he district

17  court is not restricted to the face of the pleadings, but may review any evidence, such as

18  affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

19  <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).  When a "speaking motion" is

20  brought, the burden of proof is on the party asserting jurisdiction.  <u>Thornhill Publ'g Co.</u>, 594 F.2d

21  at 733.

22      B.  <u>Rule 12(b)(6)</u>

23      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

24  Procedure tests the legal sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp.</u>

25  <u>Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a

26  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

1  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v.

2  Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  To state a claim on which relief

3  may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible

4  on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

5  　　　　In determining whether a complaint states a claim on which relief may be granted,

6  the court accepts as true the allegations in the complaint and liberally construes those allegations,

7  as well as the reasonable inferences that can be drawn from them, in the light most favorable to

8  the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Jenkins v. McKeithen, 395

9  U.S. 411, 421 (1969); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are

10 held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

11 520-21 (1972). However, the court may disregard allegations in the complaint that are

12 contradicted by facts established by exhibits attached to the complaint.  See Durning v. First

13 Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider matters of

14 public record, including pleadings and other papers filed with the court.  Lee v. City of Los

15 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The court need not accept as true conclusory

16 allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining

17 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

18 II.  State Court Defendants

19 　　　　The motion presented by defendants Ventura County Superior Court, Los Angeles

20 County Superior Court, and the Clerks of those courts is meritorious on multiple grounds.  This

21 court lacks subject matter jurisdiction over plaintiffs' claims against these defendants for several

22 reasons.

23 　　A.  Res Judicata

24 　　　　First, plaintiffs' claims are precluded by res judicata.  This court has taken judicial

25 notice of court records showing that the probate matters at the heart of this case have been fully

26 litigated.  Plaintiffs are precluded from relitigating issues that were or could have been raised in

1   prior actions.  See In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir. 1996) (holding

2   that the doctrine of res judicata provides that a final judgment on the merits bars a subsequent

3   action between the same parties or their privies over the same cause of action and prevents

4   litigation of all grounds and defenses that were or could have been raised in the action).  The

5   complaints filed by plaintiffs in three prior federal actions are almost identical to the complaint

6   filed in this action.  Plaintiffs and the four state court defendants were parties in several of the

7   federal actions, and final judgments were entered in two of those actions.  The court finds that

8   this action is barred by res judicata as to the four state court defendants.

9          B.  Rooker-Feldman Doctrine

10          Plaintiffs' claims against these defendants are also barred under the Rooker-

11   Feldman doctrine.  Federal district courts do not have jurisdiction to review alleged errors in state

12   court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)

13   (holding that review of state court determinations can be obtained only in the United States

14   Supreme Court).  The Rooker-Feldman doctrine applies to "cases of the kind from which the

15   doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by

16   state-court judgments rendered before the district court proceedings commenced and inviting

17   district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic

18   Indus. Corp., 544 U.S. 280, 284 (2005).

19          Under the Rooker-Feldman doctrine, a federal district court is also prohibited

20   from exercising jurisdiction over a suit that is "a de facto appeal from a state court judgment."

21   Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not

22   examine claims that are inextricably intertwined with state court judgments, "even where the

23   party does not directly challenge the merits of the state court's decision but rather brings an

24   indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900

25   & n.4 (9th Cir. 2003).  See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160,

26   1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case because "the complaint is

13

1    nothing more than another attack on the California superior court's determination . . . and the

2    related determinations made by federal courts that they lack subject matter jurisdiction").  "The

3    purpose of the doctrine is to protect state judgments from collateral federal attack."  Doe &

4    Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

5            This court has taken judicial notice of court records showing that the probate

6    matters at issue were fully litigated in the state courts.  Examination of plaintiffs' complaint in

7    this action reveals that plaintiffs accuse the state courts and their clerks of misrepresentation,

8    "maladministration," delay, abuse, and fraud (compl. ¶ 9), use of "ill-relevant [sic] and

9    inapplicable" state statutes (compl. ¶ 10), libel (compl. ¶ 13), failure to protect heirs' interests

10   (compl. ¶ 37), failure to train and supervise court staff (compl. ¶ 39), and insensitivity (compl. ¶

11   40).  Plaintiffs ask this court to "cancel[] the administrator's cloud" and place plaintiffs in

12   possession of property in Colorado (compl. ¶ 61), "cancel[] the Ritner's cloud" and place

13   plaintiffs in possession of property in Tehama County (compl. ¶ 65), "cancel[] Coleman's cloud"

14   and place plaintiffs in possession of property in Ventura County (compl. ¶ 72), enjoin the state

15   courts and others from transferring or changing title to any properties claimed by plaintiff Wanda

16   Hensley (compl. ¶ 115), determine plaintiffs' title to all properties mentioned in the complaint

17   (compl. ¶ 153), order defendant Coleman to vacate property he purchased from the estate and

18   surrender it to plaintiffs (compl. ¶ 166), and award plaintiffs a monetary judgment for millions of

19   dollars (compl. at 34).

20           In sum, plaintiffs want this court to undo the final decisions of the state courts in

21   probate proceedings.  "Where the district court must hold that the state court was wrong in order

22   to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined"

23   and the district court lacks jurisdiction.  Doe & Assocs., 252 F.3d at 1030.  The court finds that

24   this action is barred by the Rooker-Feldman doctrine as to the four state court defendants.

25   /////

26   /////

1    C.  Eleventh Amendment Immunity

2            The Eleventh Amendment bars suits against a state or its agencies, regardless of

3    the relief sought, absent the state's affirmative waiver of its immunity or congressional

4    abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Yakama

5    Indian Nation v. State of Washington Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999);

6    Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991).

7            Eleventh Amendment immunity extends to governmental entities that are "arms of

8    the state."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  A Superior Court of

9    the State of California is a state agency and therefore an arm of the state such that a suit against

10   the Superior Court is a suit against the State, barred by the Eleventh Amendment.  Greater Los

11   Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).  The Eleventh

12   Amendment also bars federal suits, whether seeking damages or injunctive relief, against state

13   officials where the state is the real party in interest.  Pennhurst, 465 U.S. at 101-02.

14           Here, plaintiffs' claims against the Ventura County Superior Court and the Los

15   Angeles County Superior Court and the employees of those courts are barred by the Eleventh

16   Amendment.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir.

17   2003).  In addition, neither the state courts nor their officials acting as executive officers and

18   clerks are "persons" for purposes of § 1983.  Will, 491 U.S. at 71.  The court finds that all four

19   defendants are entitled to Eleventh Amendment immunity.

20   D.  Probate Exception

21           It has been well established that probate matters are not within the jurisdiction of

22   the federal court.  Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("Decisions of this Court have

23   recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper

24   federal jurisdiction."); Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts

25   cannot interfere with probate proceedings or assume control of property in the custody of the

26   state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the

1  jurisdiction of the federal courts to set aside a will or the probate thereof); <u>Waterman v. Canal-</u>

2  <u>Louisiana Bank & Trust Co.</u>, 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate

3  court may not be interfered with concerning the probate administration of the estate).  In this

4  case, plaintiffs challenge decisions rendered in probate proceedings, and the property at issue

5  here is property disposed of in those proceedings.  Accordingly, this court lacks jurisdiction over

6  plaintiffs' claims against the four defendants.

7       E.  <u>Conclusion</u>

8         The court finds that subject matter jurisdiction is absent with regard to plaintiffs'

9  claims against the state court defendants for the reasons set forth above.  The undersigned will

10  recommend that all claims against defendants Ventura County Superior Court, Los Angeles

11  County Superior Court, Michael D. Planet, and John Clarke be dismissed pursuant to Rule

12  12(b)(1) for lack of subject matter jurisdiction.  Dismissal of these claims should be with

13  prejudice because amendment would be futile.

14  III.  <u>Defendant Coleman</u>

15         Only three of plaintiffs' claims appear to allege facts that pertain to defendant

16  Coleman:  Claim V, alleging that plaintiffs have a chain of title superior to defendant Coleman's

17  for a piece of property purchased by defendant Coleman from the Estate of Cary Hensley; Claim

18  VI, seeking "quiet title" to two properties owned by defendant Coleman; and Claim X, alleging

19  entitlement to properties owned by defendant Coleman.

20         For the reasons discussed <u>supra</u>, the court finds that this action is barred as to

21  defendant Coleman by res judicata, the <u>Rooker</u>-<u>Feldman</u> doctrine, and the probate exception.

22  The undersigned will recommend that all claims against defendant Coleman be dismissed

23  pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Dismissal of these claims

24  should be with prejudice because amendment would be futile.

25  /////

26  /////

IV.  Defendant Ritner

For the reasons discussed supra, the court finds that this action is barred as to defendant Ritner by res judicata, the Rooker-Feldman doctrine, and the probate exception.  In addition, plaintiffs' claims against this defendant should be dismissed pursuant to Rule 12(b)(6) because defendant Ritner lacks the capacity to be sued.

Where it appears that a defendant lacks the capacity to be sued, a Rule 12(b)(6) motion will lie.  De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 & n.4 (9th Cir. 2000) (noting that the question of a litigant's capacity to sue or be sued generally does not affect the district court's subject matter jurisdiction but can be analogized to an affirmative defense and should be asserted by a defendant in the responsive pleading or by motion before pleading).

When a defendant is sued in his representative capacity, such as in the capacity of administrator of an estate, the defendant's capacity to sue or be sued is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).  In California, "'[i]t has long been established that when an estate has been distributed and the executor or administrator discharged, he is no longer subject to suit in his representative capacity for he no longer has under his control any assets of the estate; this is the rule even though the action be filed prior to his discharge.'"  Independent Bankers Trust Co. v. Superior Court of Marin County, 138 Cal. App. 3d 238, 241, 188 Cal. Rptr. 14, 16-17 (1982) (quoting Katleman v. First Nat'l Bank of Nev., 212 Cal. App. 2d 520, 524, 28 Cal. Rptr. 135, 138 (1963)).  The agency of a representative for an estate terminates upon discharge of the representative, and a discharged representative has no authority to receive summons or file an answer on behalf of the estate.  Toledo v. Superior Court of Santa Clara County, 19 Cal. App. 3d 450, 456-57, 96 Cal. Rptr. 842, 847 (1971).

Here, plaintiffs have sued defendant Ritner "in his representative capacity as the current/discharged administrator of the Estate of Cary Lewis Hensley."  (Compl. at 1.)  In plaintiffs' description of the parties, they reiterate that Ritner is sued "in his representative capacity as the current/discharged administrator of the Ventura County P-68549 Estate of Cary

17

1   Lewis Hensley (Cary)."  (Id. at 2.)  Defendant Ritner was discharged as administrator of the

2   estate of Cary Lewis Hensley in March 2005.  (Ex. 9 to Def. Ritner's Request for Judicial

3   Notice.)  Because this action was filed in 2007, after defendant Ritner's discharge as

4   administrator, defendant Ritner cannot be sued in his representative capacity.

5          The undersigned will recommend that all claims against defendant Ritner be

6   dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule

7   12(b)(6) because defendant Ritner cannot be sued in a representative capacity.  Dismissal of

8   these claims should be with prejudice because amendment would be futile.

9   V.  Defendant Davis

10          "A District Court may properly on its own motion dismiss an action as to

11   defendants who have not moved to dismiss where such defendants are in a position similar to

12   that of moving defendants or where claims against such defendants are integrally related."

13   Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be

14   made without notice where the [plaintiff] cannot possibly win relief."  Omar v. Sea-Land Serv.,

15   Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte

16   dismissal as to defendants who have not been served and defendants who have not yet answered

17   or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.

18   1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared,

19   on the basis of facts presented by other defendants which had appeared.").  See also Bach v.

20   Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79

21   (S.D. Cal. 1998).

22          Here, defendant Davis, who has not yet appeared, is in a position similar to that of

23   the moving defendants, and the claims are integrally related.  On the basis of the facts and

24   arguments presented by the moving defendants, the court finds that plaintiffs cannot possibly win

25   relief against defendant Davis.  The undersigned will recommend that all claims against

26   /////

1   defendant Davis be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

2   Dismissal of these claims should also be with prejudice because amendment would be futile.

3                          FEDERAL DEFENDANT(S)

4                  The court turns to the amicus curiae brief submitted by the United States of

5   America on behalf of United States Magistrate Judge Kimberly J. Mueller, sued as "United

6   States District Court Eastern District of California (Kimberly J. Mueller as a U.S. District

7   Judge)."  The United States asserts that Magistrate Judge Mueller, as the assigned magistrate

8   judge in Hensley, et al. v. Ventura County Superior Court, et al., case No. CIV S-07-0097 LKK

9   KJM PS, should be protected from suit, whether for monetary or equitable relief, by the doctrine

10  of absolute judicial immunity because she performed only judicial acts that did not occur in the

11  complete absence of jurisdiction.  The United States urges the court to dismiss the claim against

12  Judge Mueller sua sponte because plaintiffs cannot possibly win relief on the claim.

13                 The plaintiffs did not file a response to the amicus brief, but plaintiffs Gary

14  Hensley and Wanda Hensley filed a document titled in part "Plaintiffs Opposition to:  Ex Parte

15  Application for Order Permitting United States of America to Appear as Amicus Curiae"

16  (Document # 58).  Plaintiffs' opposition to the government's application was moot when filed

17  because the court had ruled on the application.  As noted supra in the court's discussion of

18  plaintiffs' non-compliance with applicable rules, the opposition was submitted on behalf of all

19  plaintiffs but was signed only by Gary Hensley and Wanda Hensley.  (Compare page 1 of Doc.

20  #58 with page 5.)  Plaintiffs Gary Hensley and Wanda Hensley assert that "Magistrate Judge

21  Kimberly J. Mueller is a reference in this case, the actual Defendant in this case is the United

22  States District Court Eastern District of California." (Id. at 2.)  These two plaintiffs contend that

23  "[t]he attorney for defendant has the issue all messed up, since claimant is not suing Magistrate

24  Judge Kimberly J. Mueller."  Id. at 4.  The position of plaintiffs Terry Hensley and Barry Hensley

25  with respect to the identity of defendant "United States District Court Eastern District of

26  California (Kimberly J. Mueller as a U.S. District Judge)" is unknown.

                                   19

1         The assertions of plaintiffs Gary Hensley and Wanda Hensley are difficult to

2    reconcile with the allegations of the pro se complaint, which includes allegations that the acts of

3    all defendants were done by them "as individuals . . . and under their authority as officers of the

4    U.S. District Court and State/County Court" (compl. ¶ 8), that "[t]his is a civil right [sic] action

5    upon the employees of a U.S. District Court" (compl. ¶ 18), and that "defendant-Kimberly J.

6    Mueller as a U.S. District judge . . . filed a dismissal in civil case No. 2:07-CV-0097 LKK KLM

7    [sic] PS" (compl. ¶ 136).

8         To the extent that plaintiffs have sued United States Magistrate Judge Mueller, the

9    court finds that defendant Mueller is entitled to judicial immunity.  Judges acting within the

10   course and scope of their judicial duties are absolutely immune from liability for damages.

11   Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  The judicial immunity available to federal judges

12   is not limited to immunity from damages but extends to actions for declaratory, injunctive, and

13   other equitable relief.  Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987).

14        "[T]he factors determining whether an act by a judge is a 'judicial' one relate to

15   the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the

16   expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

17   Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Judicial immunity "applies 'however erroneous

18   the act may have been, and however injurious in its consequences it may have proved to the

19   plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13

20   Wall. 335, 347 (1872)).   A party dissatisfied with a judge's rulings may challenge those rulings

21   "only via appeal, not by suing the judges."  In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007)

22   (per curiam) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

23        Plaintiffs' Claim IX is titled "Altering and Mutilating Court Records by

24   Court/Clerk and by Non-Bonded Administrator."  (Compl. at 27.)  Plaintiffs allege that on or

25   about April 18, 2007, the listed defendants, including "U.S. District Court Eastern District of

26   California (Kimberly J. Mueller as a U.S. District judge), . . . *whiten out* previous filed Eastern

District (judicial) Court documents" and "[o]n or about the same April date defendant-Kimberly J. Mueller as a U.S. District judge, and contrary to fundamental Rules of Federal and Civil Procedure, filed a dismissal in civil case No. 2:07-CV-0097 LKK KLM [sic] PS, where she overruled each and every significant Rules [sic] of Federal and Civil Procedure."[5]  (Compl. ¶¶ 134-36.)  Magistrate Judge Mueller did not dismiss plaintiffs' case, but plaintiffs' recourse with regard to her transfer order was to challenge the act via appeal.  In determining proper venue and transferring plaintiffs' case to another district court, Magistrate Judge Mueller performed judicial acts within her jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72-303(c)(21).  Defendant Mueller is therefore entitled to absolute immunity against plaintiffs' attack on her order filed February 26, 2007 transferring the case to the Central District of California.

The remainder of plaintiffs' Claim IX consists of confusing allegations about the alteration or mutilation of unspecified documents by unspecified persons in April 2007.  Plaintiffs have alleged no facts linking Magistrate Judge Mueller to any alteration or mutilation of any document, nor any facts showing that Magistrate Judge Mueller had any involvement in the case after it was transferred to the Central District of California on February 26, 2007.

Two plaintiffs have asserted that the federal defendant is "United States District Court Eastern District of California."  To the extent that plaintiffs have sued the court as an entity, plaintiffs cannot proceed under § 1983 because that statute applies only to acts under color of state law, by persons.  42 U.S.C. § 1983 ("Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured . . . .")

/////

---

[5]  Magistrate Judge Mueller issued an order transferring the case to the Central District of California.  She did not address the pending motion to dismiss, and transfer of a case does not constitute dismissal.  No Federal Rule of Civil Procedure was "overruled" by the transfer.

1        Plaintiffs who seek to allege claims for redress of the deprivation of their

2   constitutional rights by federal officers may bring an action under Bivens v. Six Unknown

3   Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), if the claim is alleged

4   against a federal employee in his or her individual capacity.  FDIC v. Meyer, 510 U.S. 471, 485-

5   86 (1994); Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996).  However, judicial officers are

6   absolutely immune from Bivens-type claims.  Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.

7   1985).  The United States is protected by sovereign immunity because the Federal Tort Claims

8   Act is not available for constitutional tort claims.  FDIC v. Meyer, 510 U.S. at 477-78; McQuade

9   v. United States, 839 F.2d 640, 642 (9th Cir. 1988).

10        Defendant "United States District Court Eastern District of California (Kimberly

11   J. Mueller as a U.S. District Judge)" should be dismissed because Magistrate Judge Mueller is

12   entitled to absolute judicial immunity and plaintiffs cannot proceed against the United States

13   District Court under the Federal Tort Claims Act or in a Bivens action.  Sua sponte dismissal of

14   the defendant is appropriate because plaintiffs cannot possibly win relief on their claims against

15   the defendant.  Columbia Steel Fabricators, Inc., 44 F.3d at 802; Omar, 813 F.2d at 991.

16        The undersigned will recommend that all claims against defendant "United States

17   District Court Eastern District of California (Kimberly J. Mueller as a U.S. District Judge)" be

18   dismissed with prejudice because amendment would be futile.

19                                CONCLUSION

20        IT IS ORDERED that the requests for judicial notice filed August 28, 2007 (# 18),

21   September 26, 2007 (included in defendant Ritner's motion to dismiss), September 28, 2007 (#

22   39), October 1, 2007 (# 46), and November 5, 2007 (included in amicus brief) are granted; and

23        IT IS RECOMMENDED that:

24        1.  The motion to dismiss (# 11) filed August 27, 2007 by defendants Ventura

25   County Superior Court, Michael D. Planet, Los Angeles County Superior Court, and John Clarke

26   /////

be granted and all claims against these defendants be dismissed with prejudice for lack of subject matter jurisdiction;

      2. Defendant Ritner's September 26, 2007 motion to dismiss (# 37) be granted and all claims against this defendant be dismissed with prejudice for lack of subject matter jurisdiction and for lack of capacity to be sued;

      3. Defendant Coleman's September 28, 2007 motion to dismiss (# 38) be granted and all claims against this defendant be dismissed with prejudice for lack of subject matter jurisdiction;

      4. All claims against defendant Davis be dismissed with prejudice for lack of subject matter jurisdiction; and

      5. All claims against defendant "United States District Court Eastern District of California (Kimberly J. Mueller as a U.S. District Judge)" be dismissed with prejudice because the defendant is entitled to immunity.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **ten (10)** days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 15, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\hensley1546.f&r.mtd3