IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LEE HENSLEY, et al.,

    Plaintiffs,　　　　　　　　　　No. CIV S-07-1546 FCD DAD PS

    vs.

UNITED STATES DISTRICT　　　　　ORDER
COURT EASTERN DISTRICT
OF CALIFORNIA (KIMBERLY J.
MUELLER AS A U.S. DISTRICT
JUDGE), et al.,

    Defendants.
_____/

    Plaintiffs, proceeding pro se, have filed a motion to amend findings and have noticed the motion for hearing before the undersigned magistrate judge on March 31, 2008. Plaintiffs' motion is defective in several ways and will not be placed on the court's calendar for March 31, 2008, or any other date.

    First, the motion has been brought pursuant to Federal Rule of Civil Procedure 52(b). This rule is applicable to "actions tried upon the facts without a jury or with an advisory jury" and applies only after judgment has been entered. In such actions, Rule 52(b) permits a party to move for amendment of findings "no later than 10 days after entry of judgment." Fed. R. Civ. P. 52(b). This case has not been tried, and no judgment has been entered. To the extent that

plaintiffs' motion has been brought pursuant to Rule 52(b), the motion is without merit and must be denied.

In addition, the motion has not been noticed in compliance with the Local Rules. In the order and findings and recommendations filed in this case on February 19, 2008, the undersigned noted that Local Rule 78-230 governs civil motion calendars and procedure. (Order & Findings & Recommendations filed Feb. 19, 2008, at 7.) For the benefit of the pro se plaintiffs, the undersigned explained that "[a] party filing a motion is required to notice the motion for hearing on an available date on the motion calendar of the assigned District Judge or designated Magistrate Judge." (Id. (citing Local Rule 78-230).) The undersigned provided the telephone number of the Clerk's Office and the court's web site. (Id. at 6 n.3.) It appears that the plaintiffs failed to inquire about available dates on the motion calendar of the designated magistrate judge, as the date selected by plaintiffs is not such a date.

Plaintiffs' motion was also defectively noticed because Local Rule 78-230(b) requires moving parties to file their motion not less than 31 days before the hearing date if the motion is served by mail. Plaintiffs' motion includes proof of service by mail and therefore could not have been heard prior to the next available motion calendar at least 31 days after March 6, 2008, the date on which the motion was filed. Defectively noticed motions "shall be filed, but not set hearing." Local Rule 78-230(b). Plaintiffs may not file and serve a new notice of motion because of the other ways in which the motion is defective.

In the final paragraph of the February 19, 2008 order and findings and recommendations, information is provided about filing objections. It appears that the pro se plaintiffs overlooked this information. In the interests of justice, the court will construe the motion as plaintiffs' timely objections. Defendants will be granted an opportunity to file any reply to the objections. Upon the expiration of the time for filing replies, the findings and recommendations will be submitted to the assigned district judge, along with all timely objections and replies, for de novo review.

IT IS ORDERED that:

1. Plaintiffs' March 6, 2008 motion to amend findings has been defectively noticed and will not be set for hearing;

2. Plaintiffs' March 6, 2008 motion to amend findings pursuant to Federal Rule of Civil Procedure 52(b) is denied;

3. Plaintiff's motion will be construed as plaintiffs' objections to the findings and recommendations filed February 19, 2008; and

4. Defendants' replies, if any, shall be filed and served within ten calendar days after this order is filed.

DATED: March 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\hensley1546.mtaf&r.den

3